FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 MAY -5 PM

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **CRIMINAL COMPLAINT** |
| v. | Case Number: 21MJ23-J |
| LUIS SALGUERO-NOLASCO, | |
| Defendant. | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

I further state that I am a Deportation Officer with the Immigration and Custom Enforcement and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

Signature of Complainant
BRETT LAYMAN

Sworn to before me and subscribed in my presence telephonically,

5-5-2021     at     Cheyenne, Wyoming
Date                   City and State

HON. KELLY H. RANKIN
Chief United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## DEPORTATION OFFICER BRETT LAYMAN
## U.S. v. LUIS SALGUERO-NOLASCO

1. I, Brett W. Layman, am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement (hereafter referred to as ICE), assigned to the Casper, Wyoming ICE office.

2. I have been employed as a Deportation Officer with the Enforcement and Removal Operations office in Casper, Wyoming since September 2015. I have over nine years' experience enforcing Immigration and Customs laws within the United States. I have successfully completed the Immigration and Customs Enforcement Deportation-Integrated (ICE-D) training course at the Federal Law Enforcement Training Center in Glynco, Georgia. Based on my training and experience in the investigation of federal immigration laws and my investigation of the facts outlined below, I have reason to believe that **LUIS SALGUERO-NOLASCO** is unlawfully present in the United States after having been previously removed from the United States by ICE.

3. On or before April 26, 2021, **SALGUERO-NOLASCO** was arrested by the Campbell County Sheriff Office for the charges of No Drivers' License, Possession of a Controlled Substance and booked into the Campbell County Detention Center, Gillette, Wyoming.

4. On April 27, 2021, your affiant conducted an interview via telephone of **SALGUERO-NOLASCO** at the Campbell County Detention Center in Gillette, Wyoming. Prior to the interview, **SALGUERO-NOLASCO** was advised of his rights, per *Miranda*, after which **SALGUERO-NOLASCO** chose to waive those rights and would answer questions without the presence of an attorney. **SALGUERO-NOLASCO** provided a sworn statement admitting his true identity to be **SALGUERO-NOLASCO**, stating that he was a citizen and national of El Salvador who had previously been ordered removed, and subsequently removed to El Salvador; and who

1

had illegally re-entered the United States without authorization from the Attorney General of the United States, or his successor, the Secretary of Homeland Security. **SALGUERO-NOLASCO** was also advised of his right to speak with an officer from the Mexican consulate, per the I-213 Record of Deportable/Inadmissible Alien form. Under oath during sworn statement **SALGUERO-NOLASCO** admitted to being a former member of the violent criminal street gang MS-13.

5. On April 27, 2021, your affiant reviewed the Computer Linked Application System (CLAIMS) database and found no record or indication that **SALGUERO-NOLASCO** had applied to either the Attorney General of the United States, or his successor, the Secretary of Homeland Security, for permission to re-enter the United States after having been formally removed.

6. On April 27, 2021, your affiant obtained the fingerprints of **SALGUERO-NOLASCO** from the Campbell County Detention Center, Casper, Wyoming. These fingerprints were submitted to ICE's biometric identification system (IDENT), and were found to match the pre-existing immigration record associated with **SALGUERO-NOLASCO.** These fingerprints were also submitted to the Next Generation Identification (NGI) system and were found to match a pre-existing record associated with **SALGUERO-NOLASCO.**

7. On April 27, 2021, your affiant reviewed documents contained within the Alien Registration File 042 245 665, pertaining to **SALGUERO-NOLASCO.** The documents included: 1) an Order of the Immigration Judge, dated November 10, 2011 and 2) a Government Form I-205 (Warrant of Removal/Deportation) revealing **SALGUERO-NOLASCO** had last been formally removed to El Salvador through New Orleans, Louisiana on December 12, 2011.

8. On April 26, 2021, your affiant reviewed the criminal history related to **SALGUERO-NOLASCO** which revealed: 1) a conviction for Felony Auto Theft (Juvenile)

2

entered on August 06, 2004 in Hennepin County District Court, Hennepin County, Minnesota, for which the sentence imposed was Child to Perform Unpaid Service to Community. 2) a conviction for Receiving Stolen Property (Juvenile) entered on March 07, 2005 in Hennepin County District Court, Hennepin County, Minnesota, for which the sentence imposed was Child to Perform Unpaid Service to Community. 3) a conviction for Possession of Burglary or Theft Tools (Juvenile) entered on August 08, 2005 in Hennepin County District Court, Hennepin County, Minnesota, for which the sentence imposed was Child to Perform Unpaid Service to Community. 4) a conviction for Theft-Take (misdemeanor) entered on October 01, 2007 in Hennepin County District Court, Hennepin County, Minnesota, for which the sentence imposed was a fine of $75.00. 5) a conviction for Aggravated Robbery First Degree, entered on June 18, 2009, in the Hennepin County District Court, Hennepin County, Minnesota, for which the sentence imposed was forty eight (48) months incarceration; and 6) charges of No Driver License, Possession of a Controlled Substance; to wit; Marijuana, misdemeanor, are currently pending in Campbell County, Gillette, Wyoming.

9. On April 26, 2021, your affiant determined the following facts during the course of the investigation of **SALGUERO-NOLASCO**: 1) **SALGUERO-NOLASCO** illegally re-entered the United States after having been previously removed from the United States to El Salvador, at or near an Unknown Location, on or about 2020, by walking across the international border between the United States and Mexico, not at a designated point of entry, and without inspection by an immigration officer; 2) **SALGUERO-NOLASCO** stated that he is single and has 4 children and has no family or ties to the state of Wyoming. **SALGUERO-NOLASCO** stated that he is a former member of the violent criminal street gang MS-13. **SALGUERO-NOLASCO** has several large tattoos on his body that are known and established MS-13 gang tattoos.

**END OF SWORN STATEMENT**

# PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | LUIS SALGUERO-NOLASCO |
| **DATE:** | May 5, 2021 |
| **INTERPRETER NEEDED:** | Yes |
| **VICTIM(S):** | No |
| **OFFENSE/PENALTIES:** | 8 U.S.C. 1326 (b)(2) (Illegal Re-Entry of Previously Deported Alien into the United States)<br><br>0-10 Years Imprisonment<br>Up To $250,000 Fine<br>3 Years Supervised Release<br>$100 Special Assessment |
| **AGENT:** | Brett Layman, ICE |
| **AUSA:** | Jonathan C. Coppom, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | Yes. The Court should not grant bond as the Defendant is not bondable. |